E-FILED
Thursday, 17 July, 2008  12:14:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 07-10115 |
| v. | ) | |
| | ) | |
| KEITH CANTORE, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Before the Court are Defendant's Motions in Limine [Docs. 51, 53] which seek to exclude evidence regarding Defendant's sale of an alligator and prior convictions. The Government has filed a Response to each Motion [Docs. 56, 57]. For the reasons that follow, both Motions are DENIED.

**BACKGROUND**

Defendant is charged by Indictment for violating 16 U.S.C. § 3372 and 21 C.F.R. 1240.62, which prohibit the selling or offering to sell live turtles with a shell length of less than four (4) inches. Defendant seeks to prohibit the Government from presenting evidence regarding his illegal sale of alligators during July and August, 2005 at the Midwest Reptile Expo. Defendant however, is not charged with the illegal sale of alligators and claims that such sales are not probative of the issue at hand, which is whether Defendant knowingly sold turtles with a shell length of less than four (4) inches. Moreover, Defendant claims that such evidence would possibly confuse or mislead the jury and therefore, any probative value would be outweighed by the danger of unfair prejudice to Defendant.

Further, Defendant seeks to exclude his prior convictions consisting of two felony

convictions of felon in possession of a firearm, and manufacture and delivery of cannabis, and two misdemeanor convictions for theft and retail theft.  Defendant claims that the probative value of admitting the convictions is substantially outweighed by the danger of unfair prejudice and are therefore inadmissible under Rule 609 of the Federal Rules of Evidence.

## ANALYSIS

Federal Rule of Evidence 404(b) allows the admission of evidence of other crimes, wrongs, or acts for purposes such as proof of motive, opportunity, intent, preparation, plan, and knowledge.  Fed. R. Evid. 404(b).  Evidence of a defendant's prior bad acts is admissible only if four requirements are met:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

United States v. Mallett, 496 F.3d 798, 801 (7th Cir. 2007).

The Government seeks to establish that Defendant knowingly sold and held undersized turtles for sale and knew that such sales were illegal.  Evidence of an alleged unlawful alligator sale is probative of Defendant's knowledge, motive, and intent to sell the undersized turtles at issue here.  Any prejudicial effect of this evidence is rather minuscule compared to its probative value.  The Court finds that the other two requirements are plainly met: the unlawful sale of an alligator is similar enough and close enough in time to be relevant, and the evidence is sufficient to support a jury finding that Defendant committed the similar act.  Consequently, evidence of the illegal sale of alligators by Defendant is admissible under Rule 404(b).

The Court further admits Defendant's prior felony convictions based on Federal Rule of

Evidence 609, which allows the admission of evidence that an accused has been convicted of a crime within the past ten years if the court determines the probative value outweighs the prejudicial effect. Fed. R. Evid. 609. The Court uses a balancing test to determine if the probative value of admitting a prior felony conviction outweighs it's prejudicial effect with the following factors:

> (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.

United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005).

Upon consideration of these factors, the Court concludes that the probative value of Defendant's past felony convictions outweighs its prejudicial effect. The Court first considers the impeachment value of the prior crimes, which in this case favors exclusion. Though most felonies do have some probative value on the issue of credibility, Defendant's convictions are not *crimen falsi* or indicative of any propensity towards dishonesty or lying. United States v. Montgomery, 390 F.3d 1013 (7th Cir. 2004). However, this factor alone is not dispositive.

The Court must also consider the timeliness of Defendant's prior convictions and subsequent history. This factor weighs in favor of admissibility as the convictions all occurred within the past ten years.

The third factor is the similarity between past crimes and the charged crimes. Defendant's prior convictions are so dissimilar from the current charges, it is unlikely that the jury would assume guilt based on knowledge of Defendant's past crimes. Montgomery, 390 F.3d at 1015. Therefore, this factor favors the admission of Defendant's prior convictions.

The fourth factor is the importance of Defendant's testimony. The Court acknowledges

that "[k]nowledge that one's prior convictions will be admitted tends to deter a defendant from testifying; there is an understandable fear that jurors will . . . assume that because the defendant has committed crimes in the past, he likely committed the charged crime." United States v. Smith, 181 F. Supp. 2d 904, 910 (N.D. Ill. 2002). However, as the Government argues, Defendant is the only one able to testify as to his state of mind. The Court agrees, finding Defendant's credibility will be the main issue of the case and will necessarily aid the jury in weighing Defendant's testimony. Defendant alone may testify as to his motives. Therefore, the probative value of admitting such convictions outweighs any potential prejudicial effect. The Court concludes that this factor weighs in favor of admitting Defendant's prior convictions.

The final factor this Court must consider is the centrality of Defendant's credibility. In the event Defendant testifies, his credibility will be key. As discussed *supra*, it is unlikely that anyone will be able to testify as to Defendant's motive and intent. Furthermore, the Government may present witnesses who contradict Defendant's testimony, forcing the jury to weigh credibility. United States v. Nururdin, 8 F.3d 1187, 1192 (N.D. Ill. 1993) ("defendant's testimony and the credibility issue are both critical to the outcome of this case because defendant and the officers offered conflicting accounts of the events leading to defendant's arrest."). Therefore, the Court finds that the probative value of admitting the prior felony convictions outweighs any prejudicial effect of excluding them, as Defendant's credibility is central to the case. And if requested, the Court will give a limiting instruction to the jury, namely Instruction 3.05 of the Seventh Circuit Federal Jury Instructions.

In conclusion, this Court finds the balancing test weighs in favor of admitting both the evidence of the sale of an alligator and Defendant's prior felony convictions as the probative

value outweighs the prejudicial effect in both matters.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion in Limine regarding Defendant's prior felony convictions [Doc. 51] is DENIED, and Defendant's Motion in Limine regarding the sale of alligators [Doc. 53] is DENIED.

ENTERED this  17th   day of July, 2008.

       s/Joe B. McDade       
JOE BILLY McDADE  
United States District Judge
