## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT COURT
## PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 07-10115 |
| | ) | |
| KEITH CANTORE, | ) | Judge Joe Billy McDade |
| | ) | |
| | ) | Room D |
| Defendant. | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, **KEITH CANTORE**, by his attorney, *Bruce E. Brandwein*, respectfully files this Sentencing Memorandum on the issue of concurrent versus consecutive sentences in the instant case.

### I. RELEVANT FACTUAL BACKGROUND

The Defendant was arrested on April 8, 2005 and charged in the Northern District of Illinois with the offense of Possession of a Firearm by a Felon 05 CR 343 and released on bond. While that charge was pending, Defendant attended certain Reptile Expo shows in Peoria between June 2005 and October 2005 as an exhibitor which forms the basis for the charges on the instant case.

The Defendant plead guilty to the federal gun charge and was sentenced to 40 months incarceration which he began to serve on January 20, 2006. On September 19, 2007, the Defendant was indicted for Conspiracy to Sell Undersized Turtles and Offering Undersized Turtles for Sale. On August 6, 2008 after a jury trial the Defendant was found

1

guilty of Offering to Sell Undersized Turtles and not guilty of Conspiracy. The Defendant has been in federal custody since January 20, 2006.

## II. GUIDELINES BACKGROUND

A.  The Applicable Guidelines

Under Guideline U.S.S.G. § 2Q2.1 the base offense level is 6. Pursuant to the Presentence Report the total offense level is 12 with a sentence range of 21 to 27 months incarceration.

## III. CONCURRENT VERSUS CONSECUTIVE SENTENCE

Guideline 5G1.3 relates to the question of whether and to what degree the court should impose concurrent and consecutive sentences. 5G1.3 states:

> **Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment**
>
> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Since in this case subsections (a)- mandatory consecutive sentence, and section (b)- mandatory concurrent sentences do not apply, the court must look to Application Note 3 concerning the application of subsection (c) for guidance in this case. Application note 3 states:

> <u>Concurrent or consecutive sentence-subsection (c) cases.</u> In circumstances not covered under subsection (a) or (b), subsection (c) applies. Under this subsection, the court may impose a sentence concurrently, partially concurrently, or consecutively. To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:
>
> (a)   the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
>
> (b)   the time served on the undischarged sentence and the time likely to be served before release;
>
> (c)   the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
>
> (d)   any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

Under 5G1.3(c) this court has discretion to fashion the defendant's sentence in a way that achieves a reasonable punishment for his offense. *United States v. Goudy, 78 F.3d 309 (7th Cir. 1996).* In the *Goudy* case the court approved of the district court's method of determining the defendant's sentence. The court held that "Application Note 3 (to 5G1.3) provides the sentencing court discretion to fashion a reasonable incremental punishment in order to approximate a hypothetical sentence for both offenses as if they were being imposed at the same time." 78 F.3d 309, 313.

F.R.C.P. Title 18 Section 3553(a) directs that the Court "impose a sentence sufficient but not greater than necessary" based on the statutory objectives and relevant factors.

For the following reasons the Defendant should be sentenced to a term to run concurrently with the sentence imposed in 05 CR 343.

1.     The Possession of a Firearm by a Felon (05 CR 343) has already had a severe impact on the sentence to be imposed in this case. The Defendant's criminal history for the said offense was increased 3 points raising his category to a Level IV.

2.     The Defendant is going to serve additional time in custody for the instant offense even if he receives a concurrent sentence. The Defendant under information and belief will not be eligible for release on 05 CR 343 until December 11, 2008. The Defendant has already served 34 months on the gun charge and has been in custody on the instant case since September 19, 2007, approximately 14 months. The Defendant has not had any disciplinary problems during his incarceration. The Defendant would submit that a concurrent sentence would therefore reasonable punish him for his conduct in this case and would avoid unwanted disparity, as the Co-Defendant who set up and ran the Reptile Expo was found guilty of a misdemeanor.

3.     In addition to the above reasons for the imposition of a concurrent sentence the defense would urge the court to consider that while the Defendant made poor choices and his prior conduct is unacceptable, he is a young man, with a family that loves and cares for him. The Defendant has seen the pain he has caused his family, especially his mother during the past years.  He has a job waiting for him upon his release

4

in his Stepfather's heating and air conditioning business. Mr. Cantore has learned from his past mistakes and when released will lead a productive life.

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court sentence Keith Cantore to a sentence to run concurrently with Federal Case Number 05 CR 343.

Respectfully Submitted,

/s/    Bruce E. Brandwein
Bruce E. Brandwein
Defendants Attorney

Bruce E. Brandwein
***BRANDWEIN & SMOLIN***
20 South Clark Street, Suite 410
Chicago, Illinois 60603
(312) 853-0008
(312) 853-0821